**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| INTERNATIONAL BANK OF AZERBAIJAN, | ) Case No. 17-11311 (JLG) |
| | ) |
| Debtor in a Foreign Proceeding.[1] | ) Chapter 15 |
| | ) |

**ORDER GRANTING PROVISIONAL RELIEF**

Upon the *Motion for Provisional Relief Pursuant to Sections 1519, 1521(a)(7) and 362 of the Bankruptcy Code* (the "**Motion**")[2] filed on behalf of Gunel Bakhshiyeva (the "**Petitioner**") as foreign representative of the above-captioned debtor in a foreign proceeding (the "**Debtor**"), appointed as foreign representative in the Azeri judicial reorganization proceeding (the "**Azeri Restructuring Proceeding**") pending before the Nasimi District Court (the "**Azeri Court**") seeking entry of an Order (this "**Order**") granting provisional relief immediately applying sections 362 of title 11 of the United States Code (the "**Bankruptcy Code**") pending chapter 15 recognition of the Azeri Restructuring Proceeding with respect to the Debtor; and it appearing that this Court has jurisdiction to consider the Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.) (the "**Amended Standing Order**"); and this Court having considered (i) the Motion, (ii) the *Verified Petition for Recognition of the Azeri Restructuring Proceeding and Motion for Order Granting Related Relief* (the "**Verified Petition**"), (iii) the *Declaration of Anar Karimov pursuant to 28 U.S.C. § 1746 in Support of the Petition for Recognition of the Azeri Restructuring Proceeding and Motion for Order Granting*

---

[1] The last four identifying digits of the Debtor's tax number in Azerbaijan are 1881.
[2] Capitalized terms not otherwise defined herein shall carry the meanings ascribed to them in the Motion.

*Provisional Relief* (the "**Azeri Counsel Declaration**"), along with accompanying exhibits, and (iv) the statements of counsel in support of the Motion at a hearing before this Court on May 12, 2017 (the "**Hearing**"); and the Office of the United States Trustee having appeared at the Hearing and having indicated that it had no objection to entry of this Order; and appropriate and timely notice of the filing of the Motion and the Hearing having been given; and no other or further notice being necessary or required; and after due deliberation and sufficient cause appearing therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. The Motion is granted as provided herein and any objections thereto filed or stated on the record at the Hearing are overruled.

C. The Court has jurisdiction over this matter pursuant to sections 157 and 1334 of title 28 of the United States Code and the Amended Standing Order. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

D. Venue is proper in this district pursuant to section 1409(a) and 1410 of title 28 of the United States Code.

E. The statutory basis for the relief requested consists of sections 1519, 1521(a)(7), and 362 of the Bankruptcy Code. Pursuant to section 1519 of the Bankruptcy Code,

from the time of filing of the Petition until the Court rules on the Petition, the Court may grant certain relief of a provisional nature.

~~F.~~    The Azeri Restructuring Proceeding is pending in the City of Baku, Azerbaijan. ~~and the Petitioner has been duly authorized to act as foreign representative (as such term is defined in section 101(24) of the Bankruptcy Code) in the Chapter 15 Proceeding.~~ **[JLG]**

G.    On May 11, 2017, the Petitioner duly commenced this Chapter 15 Proceeding under chapter 15 of the Bankruptcy Code on behalf of the Debtor.

H.    The Petitioner is not required to commence an adversary proceeding to seek the relief requested in the Motion.

I.    Based on the pleadings filed to date, the Court concludes that the Petitioner has demonstrated a likelihood of success on the merits of the Chapter 15 Petition.

J.    The Court is authorized to enter the provisional relief sought by the Petitioner in the Motion under section 1519 of the Bankruptcy Code.

K.    The Petitioner has demonstrated that irreparable harm to the Debtor may occur in the absence of the relief sought in the Motion.

L.    For purposes of this Order and the relief granted herein, the balance of harms favors granting of the Requested Provisional Relief.

M.    For purposes of this Order and the relief granted herein, the relief granted serves the public interest.

N.    The relief sought by the Motion will not cause undue hardship to any party in interest and, to the extent that any hardship may result to such parties, it is outweighed by the benefits of the requested relief to the Petitioner, the Debtor, and its creditors.

O. The relief granted hereby is (i) necessary and appropriate in the interests of the public and international comity, (ii) consistent with the public policy of the United States, and (iii) will not cause the Debtor's creditors or other parties in interest any hardship that is not outweighed by the benefits to all parties in interest, including the Debtor, of granting the relief requested herein.

P. No security is required for the relief granted herein, under Rule 7065 of the Federal Rules of Bankruptcy Procedure or otherwise.

Q. All parties in interest will be sufficiently protected by the provisions of section 362.

R. Appropriate notice of the filing of, and the Hearing on, the Motion was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

**NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

(A) Section 362 of the Bankruptcy Code shall apply with respect to the Debtor and its property within the territorial jurisdiction of the United States. For the avoidance of doubt, this paragraph 1 operates as an injunction against the commencement or continuation of any action against the Debtor or its U.S. property, including actions to attach its assets or set off amounts on deposit with any creditor against any claims against the Debtor.

(B) This Order is without prejudice to the right of the Petitioner to seek additional relief under applicable provisions of the Bankruptcy Code (including, without limitation, section 1519 of the Bankruptcy Code) and without prejudice to the right of the Debtor to seek any remedy or to pursue any further relief.

(C) Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable **as of May 12, 2017** ~~upon entry~~;

4

**[JLG]**(b) the Petitioner is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

(D)    This order shall remain in full force and effect **as of May 12, 2017** ~~from the date hereof~~ **[JLG]** until the date on which a final determination is made by this Court with respect to the Petition and an order is entered in this Chapter 15 Proceeding giving effect to such determination.

(E)    This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

Dated: May 15, 2017
      New York, New York

                                              /s/ *James L. Garrity, Jr.*
                                          UNITED STATES BANKRUPTCY JUDGE