**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL BANK OF AZERBAIJAN,[1]<br><br>Debtor in a Foreign Proceeding. | )<br>)<br>) Case No. 17-11311 (JLG)<br>)<br>) Chapter 15<br>)<br>) |

**ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING
AND CERTAIN RELATED RELIEF**

Upon the *Verified Petition for Recognition of the Azeri Restructuring Proceeding and Motion for Order Granting Related Relief pursuant to 11 U.S.C. §§ 1515, 1517, and 1520* (the "**Verified Petition**") [ECF No. 2] dated May 11, 2017 of Gunel Bakhshiyeva (the "**Petitioner**" or "**Foreign Representative**"), in her capacity as the authorized Foreign Representative of the International Bank of Azerbaijan ("**IBA,**" the "**Bank**" or the "**Debtor**") in the above-captioned chapter 15 proceeding (the "**Chapter 15 Proceeding**"), requesting this Order (the "**Order**") (a) granting the Petition and recognizing the jointly administered judicial reorganization (the "**Azeri Restructuring Proceeding**") pending before the Nasimi District Court (the "**Azeri Court**") in the Republic of Azerbaijan ("**Azerbaijan**"), pursuant to Articles 57-11 through 57-13 (the "**Restructuring Provisions**") of the Law of the Republic of Azerbaijan *On Banks* (the "**Azeri Law on Banks**") as the Debtor's foreign main proceeding pursuant to section 1517 of title 11 of the United States Code (the "**Bankruptcy Code**"), (b) recognizing the Petitioner as foreign representative, as defined in section 101(24) of the Bankruptcy Code, of the Debtor's Azeri Restructuring Proceeding, and (c) granting such other and further relief as the Court deems just and proper; and it appearing that this Court has jurisdiction to consider the Petition pursuant to sections 157 and 1334 of title 28 of the United States Code, and the

---

[1]   The last four identifying digits of the Debtor's tax number in Azerbaijan are 1881.

Amended Standing Order of Reference dated January 31, 2012, Reference M-431, <u>In re Standing Order of Reference Re:  Title 11</u>, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.) (the "**Amended Standing Order**"); and this Court having reviewed and considered the Petition, the *Declaration of Anar Karimov as Azeri Counsel to the Debtor* (the "**Foreign Counsel Declaration**") [ECF No. 3], the *Objection of the Ad Hoc Group of Holders of Notes Issued by the International Bank of Azerbaijan* (the "**Objection**") [ECF No. 22], the *Foreign Representative's Reply to Objection of the Ad Hoc Group of Noteholders* (the "**Reply**") [ECF No. 23], the evidence with respect to the foregoing, and the statements of counsel with respect to the Petition at a hearing before this Court on June 21, 2017 which was adjourned to (and reconvened on) June 28, 2017 (collectively, the "**Hearing**"); and appropriate and timely notice of the filing of the Petition and the Hearing having been given; and no other or further notice being necessary or required; and this Court having determined that the legal and factual bases set forth in the Petition, the Foreign Counsel Declaration, and all other pleadings and papers in this case establish just cause to grant the relief ordered herein, and after notice and a hearing and due deliberation therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A.  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order.  This is a core

proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code. Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

C. IBA has no branch, office, or place of business at which deposits are received located in the United States, and is eligible to be a chapter 15 debtor pursuant to 11 U.S.C. §§ 109(b)(3)(B), 1501(c).

D. The Petitioner is the duly appointed "foreign representative" of the Debtor's Azeri Restructuring Proceeding within the meaning of section 101(24) of the Bankruptcy Code.

E. This Chapter 15 Proceeding was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

F. The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

G. The Azeri Restructuring Proceeding is a collective judicial proceeding under the supervision of the Nasimi District Court and qualifies as a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

H. The Azeri Restructuring Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

I. The Debtor maintains its registered office in the city of Baku, Azerbaijan, and is managed and directed from its corporate headquarters in the city of Baku, Azerbaijan. Accordingly, the Debtor's COMI lies in Azerbaijan, and the Azeri Restructuring Proceeding is the Debtor's "foreign main proceeding," as defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as such pursuant to section 1517(b)(1) of the Bankruptcy Code.

J.   The relief granted hereby is necessary and appropriate to effectuate the purposes and objectives of chapter 15 and to protect the Debtor, its creditors and other parties in interest.

K.   The relief granted hereby is necessary and appropriate in the interests of the public and international comity; it is consistent with the public policy of the United States; it is warranted pursuant to sections 1515, 1517, 1520, and 1506 of the Bankruptcy Code.

L.   Appropriate notice of the filing of and the Hearing on the Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

For all of the foregoing reasons, and for the reasons stated by the Court at the Hearing and reflected in the record thereof, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. All objections to the Petition, including the Objection, are overruled.

2. The Petition is granted.

3. The Petitioner is the duly appointed foreign representative of the Debtor's Azeri Restructuring Proceeding within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtor in this Chapter 15 Proceeding.

4. The Azeri Restructuring Proceeding is granted recognition as the Debtor's foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

5. All relief and protection afforded foreign main proceedings under section 1520 of the Bankruptcy Code is hereby granted to the Azeri Restructuring Proceeding, the Debtor, the Debtor's assets located in the United States, and the Petitioner, as applicable, including application of the section 362 stay to the Debtor and the assets of the Debtor located

within the territorial jurisdiction of the United States. For the avoidance of any doubt, and without limiting the foregoing, this paragraph 5 operates as an injunction against the commencement or continuation of any action against the Debtor or its U.S. property, including actions to attach or set off amounts on deposit with any creditor against any claims against the Debtor.

6. Recognition of the Azeri Restructuring Proceeding and the **attendant** ~~additional~~ relief provided **under Section 1520 of the Bankruptcy Code** are not manifestly contrary to the public policy of the United States under section 1506 of the Bankruptcy Code and the objections raised by the ad hoc group of noteholders in the Objection are hereby overruled.**[JLG]**

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioner is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered, and may, in her discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

8. A copy of this Order, confirmed to be true and correct, shall be served by the Petitioner, within seven business days of entry of this Order, by facsimile, electronic mail, or overnight express delivery, on the Notice Parties **(as set forth in the Application Pursuant to Bankruptcy Rules 2002(m) and (q) and 9007 Scheduling Hearing and Specifying Form and manner of service [ECF No. 6])** and such service shall be good and sufficient service and adequate notice for all purposes. **[JLG]**

9. This Court shall retain jurisdiction with respect to the enforcement,

5

amendment, or modification of this Order and any requests for additional relief or any adversary proceeding brought in and through this case.

Dated: July 7, 2017
New York, New York

/s/ *James L. Garrity, Jr.*
UNITED STATES BANKRUPTCY JUDGE